J-S40013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HINDOVEI SENESSIE-MIDDLETON | |
| Appellant | No. 2885 EDA 2015 |

Appeal from the PCRA Order August 31, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007175-2012

BEFORE: BOWES, MUNDY AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 20, 2016**

Hindovei Senessie-Middleton appeals from the August 31, 2015 order dismissing his second PCRA petition as untimely filed. We affirm.

On May 25, 2012, Darby Borough police officers found Appellant in possession of a Bersa Firestorm .380 caliber gun that had its serial number obliterated. Police also recovered from Appellant's shoes nine clear glassine bags containing marijuana. Appellant was charged with various offenses, including persons not to possess firearms. 18 Pa.C.S. § 6105. On January 18, 2013, Appellant entered a negotiated guilty plea to that offense, a second-degree felony carrying a maximum sentence of ten years incarceration. Appellant was sentenced that same day to the negotiated term of imprisonment of five to ten years. No mandatory minimum

sentence was involved in Appellant's sentencing; he received the statutorily-authorized maximum sentence for a second-degree felony. The record also establishes that Appellant's prior record score was repeat felony offender so that the sentence in question was also within the sentencing guidelines. Appellant did not file a direct appeal.

On August 4, 2014, Appellant filed a PCRA petition suggesting that he was entitled to relief under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In the latter case, the United States Supreme Court held, "[A]ny fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 476 (quoting *Jones v. United States*, 526 U.S. 227, 243, n. 6 (1999)). *Alleyne* applied the holding of *Apprendi* in the mandatory minimum sentencing context. Under *Alleyne*, any fact, other than a prior conviction, that results in the imposition of a mandatory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt.

After Appellant filed his PCRA petition, counsel was appointed. Counsel presented a petition to withdraw and no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). In his no-merit letter, counsel concluded that the August 4, 2014 PCRA petition was untimely. On January 23, 2015, the trial court granted counsel's

application to withdraw and issued notice of its intent to dismiss the petition without a hearing. The petition was dismissed on February 20, 2015.

On July 29, 2015, Appellant filed a second *pro se* PCRA petition, averring that he was sentenced pursuant to an invalid mandatory minimum sentence. Appellant invoked **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), wherein our Supreme Court, pursuant to **Alleyne**, struck down the mandatory minimum sentencing provision contained in 18 Pa.C.S. § 6317.

Appellant's July 29, 2015 PCRA petition was dismissed on August 21, 2015, and this appeal followed. Appellant raises one issue: "Whether the PCRA court committed an error of law and abused its discretion when it denied relief where the court had jurisdiction pursuant to 42 Pa.C.S. § 9545(b)(1)(ii), as the clarification/interpretation via **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), dates back to the day of enactment." Appellant's brief at 3. We first outline our standard of review:

> Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. **Commonwealth v. Marshall**, 596 Pa. 587, 947 A.2d 714, 719 (2008). The PCRA court's credibility determinations, when supported by the record, are binding on this Court. **Commonwealth v. Johnson**, 600 Pa. 329, 966 A.2d 523, 532, 539 (2009). However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions. **Commonwealth v. Rios**, 591 Pa. 583, 920 A.2d 790, 810 (2007).

*Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011). *Accord Commonwealth v. Bardo*, 105 A.3d 678, 685 (Pa. 2014) ("If supported by the record, the PCRA court's credibility determinations and factual findings are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.").

Before we can address the merits of Appellant's position, we must first determine whether Appellant's July 29, 2015 PCRA petition was timely filed as that issue implicates our jurisdiction. *Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Id*. at 992 (citation omitted); *see Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) ("[I]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Any PCRA petition must be filed within one year of the date the defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). Accordingly, we initially determine when Appellant's judgment of sentence became final. "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). In this case, since Appellant did not file a

direct appeal from his January 18, 2013 judgment of sentence, it became final on February 17, 2013. He had one year, or until February 17, 2014, to file a timely PCRA petition, and his July 29, 2015 petition is untimely. There are three exceptions to the one-year time bar of § 9545:

 (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

 (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant invokes the newly-discovered facts exception. He argues that his PCRA petition is timely under § 9545(b)(1)(ii) due to "the Supreme Court decision in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015)." Appellant's brief at 7. However, it is settled that "section 9545(b)(1)(ii) applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts." *Commonwealth v. Watts*, 23 A.3d 980, 986 (Pa. 2011). Appellant's

invocation of the newly-discovered facts exception based upon the dissemination of the *Hopkins* decision therefore fails.

Appellant also argues that *Alleyne* and its progeny should be retroactively applied, obstensibly maintaining that the newly-recognized constitutional right exception of § 9545(b)(1)(iii) is applicable herein. In *Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014), we specifically ruled that an *Alleyne* claim does not fall within § 9545(b)(1)(iii). That provision requires that the court announcing the new constitutional right hold that its constitutional decision is to be applied retroactively. Neither the United States Supreme Court nor our Supreme Court has ruled that *Alleyne* is retroactive. Likewise, none of the cases applying *Alleyne* has been considered to apply retroactively to PCRA petitioners by the United States Supreme Court or the Pennsylvania Supreme Court. Thus, this petition is not saved from untimeliness by a retroactivity analysis regarding *Alleyne* and its progeny.

So that Appellant will cease seeking relief under case law that constantly emanates from this Court and our Supreme Court pursuant to *Alleyne*, we stress the following to Appellant. He is not entitled to relief either under *Alleyne* or any of the case law applying it. No mandatory minimum sentence was applied herein. Appellant merely was sentenced to the statutory maximum sentence permitted for a second-degree felony after

he pled guilty to the elements of a crime that was graded as a second-degree felony.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/20/2016